JUSTICE COTTER,
specially concurring,
¶26 I concur in the Court’s disposition of this case, and in its reasoning, as far as it goes. However, there is an additional factual basis for affirming the District Court which the majority felt was unnecessary to the resolution of the case, but which entered into my decision to affirm.
¶27 In the spring of 1996, shortly after DOR investigators issued criminal citations to Seaman charging him with the statutory violations described in the Court’s Opinion, Seaman made application to DOR for modification and expansion of his licensed premises. The proposed expansion entailed expensive alterations and improvements to the premises. On May 22, 1997, DOR approved Seaman’s request for expansion of his bar and casino. In approving the expansion, DOR did not advise Seaman that it had already undertaken the drafting of the notice to revoke his liquor license.
¶28 Having received DOR approval of his proposed expansion, Seaman expended substantial funds in improving the bar and casino. *313 It was not until September 19,1997, five months after DOR approved Seaman’s expansion of his bar and casino, that DOR first advised Seaman it intended to revoke his license.
¶29 DOR essentially argues that because Seaman had already been convicted in justice court of a statutory violation, he should have known his license could be revoked, and that he thus undertook his business alterations at his own risk. Seaman counters that had DOR “immediately” given notice of its intent to revoke his license, he would have been able to make am informed decision as to whether or not to remodel his premises. This only makes sense. More to the point, a green light for the remodeling project from the entity empowered to revoke one’s license would certainly suggest to its beneficiary that his license was, in all likelihood, safe.
¶30 The District Court concluded it was "... especially disturbing to note that the Department would approve am expansion of facilities knowing all the while that it was mandated by statute to proceed with revocation of the license.” I agree. If the arm of DOR responsible for granting a request to improve a licensed premises did not know what the arm of DOR handling license revocations was doing, it should have. If it did know, and proceeded to grant the remodeling application anyway, the approval was at best mean-spirited and at worst deceitful. Either way, I cannot countenance a method of doing business which essentially gives with one hand while taking away with the other. Accordingly, I affirm for this reason as well as for the reasons referenced by the Court.
JUSTICE NELSON joins in the foregoing special concurrence.